IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY BAILEY,

        Petitioner,

v.                                       No. CIV 11-891 RB/LFG

RAY TERRY, WARDEN,

        Respondent.

**RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE**[1]

        THIS MATTER is before the Court *sua sponte*. The undersigned Magistrate Judge proposes dismissal without prejudice of Petitioner Anthony Bailey's ("Bailey") § 2241 petition due to Bailey's failure to respond to Respondent Ray Terry's ("Warden") November 4, 2001 motion to dismiss [Doc. 12] and his failure to respond to the Court's Order to Show Cause, filed December 29, 2011 [Doc. 14].

        Bailey's failure to file any opposition to the motion to dismiss within the time prescribed for doing so "constitutes consent to grant the motion [to dismiss]." D.N.M.LR-Civ 7.1(b). The same is true with respect to Bailey's failure to respond to the Court's Order to Show Cause, which advised Bailey that his petition could be dismissed if he did not file either a response to the motion to

---

[1] After a party is served with a copy of this recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the recommendation. If no objections to this recommendation are filed by **February 9, 2012**, no appellate review will be allowed.

dismiss or a response to the order to show cause. [Doc. 14, at 2.] Bailey did neither. Moreover, Bailey did not seek an extension of time from the Court for purposes of responding to the motion or order. his apparent abandonment of his lawsuit.

Bailey's continued failure to file responses to the motion to dismiss or the Court's Order to Show Cause e Court justify the imposition of a sanction. However, before the sanction of dismissal is appropriate, the Court must consider the following factors under Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992): (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. No one factor is controlling and not all factors need be present. *See* Lee v. Max Intern., LLC, 638 F.3d 1318, 1323 (10th Cir. 2011) (observing that Ehrenhaus "factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function" and that not all of the Ehrenhaus factors need to be satisfied.)

### 1. Prejudice to Opposing Party

In this case, Bailey failed to file a response to the Warden's motion to dismiss. His failure to respond to that motion as well as to the Court's Order have brought this lawsuit to a halt. The pendency of a lawsuit imposes costs and burdens on the opposing party. For example, Bailey's failure to respond to motions and orders delays the disposition of the case, and, consequently, denies defendant a speedy disposition. Due to Bailey's failure to comply with the rules of procedure and the orders and directives of the Court, the Court concludes the Warden is prejudiced.

**2. Amount of Interference With the Judicial Process**

The Court was required to address Bailey's failure to respond to the motion to dismiss by an order to show cause. The preparation of that order and these recommendations demonstrates that more time and judicial resources have been devoted to this matter than would otherwise be necessary. The Court determines that the judicial process has been adversely affected.

**3. Culpability of the Litigant**

In this case, Bailey proceeds *pro se*. Thus, all actions and omissions fall squarely on his shoulders. A *pro se* litigant is required to follow all rules of practice and procedure applicable to all litigants. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (even pro se litigants are expected to "follow the same rules of procedure that govern other litigants.") (internal quotation omitted). It is Bailey who should suffer the consequences of his non-compliance.

**4. Warning of Dismissal as a Sanction**

In the Order to Show Cause, the Court expressly warned Bailey that failure to respond to the motion to dismiss or the Court's Order, by January 17, 2012, could result in dismissal of his petition, without prejudice. There is no question that the Court adequately advised Bailey of the possibility that inaction on his part could result in dismissal of his petition.

**5. Efficacy of a Lesser Sanction**

Here, a warning was given to Bailey concerning the consequences of his failure to respond to the motion to dismiss and order to show cause. Yet, the Court's warning failed to prompt Bailey to act. The Court determines that a lesser sanction would be ineffective.

## **Recommendation**

The undersigned Magistrate Judge recommends that Bailey's § 2241 petition be dismissed without prejudice for the reasons stated herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge